The People ex rel. The New-York Central Railroad Co. agt. Ross and others.

## SUPREME COURT.

THE PEOPLE *ex rel.* THE NEW–YORK CENTRAL RAILROAD COMPANY agt. JAMES P. ROSS and others, Assessors of the Town of Ogden.

The classified list of real estate of railroad corporations, specifying various particulars, required by statute to be delivered to town assessors of the towns in which the real estate lies, on or before the first day of May in each year, must be regarded by the assessors as *prima facie* evidence of value, if delivered to them any time after the first day of May, before the completion of their roll according to law, in like manner as if it had been delivered before the first day of May.

If not delivered until after the completion of the roll according to law, the assessors are not bound to allow it any effect.

The roll is complete when the assessors are prepared to make a fair copy for public inspection, and give notice of their meeting for a review of their assessments.

*Monroe Special Term, September,* 1857.

MOTION upon an order to show cause for a writ of mandamus.

J. L. BAGG, *for relators.*
J. FULLER, *for defendant.*

T. R. STRONG, Justice. It is made the duty of every rail. road corporation, by § 24 of title 4, chapter 13 of part 1 of the Revised Statutes, as said title is amended by chapter 536 of the laws of 1857, to deliver, on or before the first day of May in each year, to the assessors of each town or ward into which any part of their road shall run, or in which they own, or are in possession of real estate, a classified list of all real estate owned or in possession of said company, in said town or ward, specifying various particulars, and among others, the value of the property; and by § 25, in fixing the valuation of the property of the corporation, the assessors are required,

when such list shall be reviewed, to regard it as *prima facie* evidence of such value; but they may avail themselves of other additional evidence under oath in reference to the valuation. By § 26, a penalty is imposed upon any company omitting to furnish the list within thirty days after the first day of May; and I think it a fair implication from this provision, that if the list be delivered within the thirty days, the assessors in fixing the valuation of the property, must be controlled by it, in like manner as if it had been delivered by the first day of May. And probably, if the list be not delivered until a later period, the like effect must be given to it, provided the assessment be not then completed as provided by § 17 of title 2 of chapter 13 aforesaid, as amended by chapter 536 of laws of 1857. That section as amended, provides that the assessors shall complete the assessment rolls, on or before the first day of August, in every year, and shall make out a fair copy thereof, to be left with one of their number; and provision is thereby made for giving notices; which notices by the next succeeding section, as amended by § 4, chapter 176, laws of 1851, are to set forth that the assessors have completed the roll, and that a copy thereof is left with one of their number, at a place to be specified therein, where the same may be seen and examined until the third Tuesday of August, and that on that day the assessors will meet, at a time and place to be specified, to review their assessments. The object of the law in requiring the list of railroad corporations is to enable the assessors thus to complete the rolls, and if received before they are thus completed, I think it should be regarded as *prima facie* evidence of value. But if it is not delivered until after the completion of the roll according to the 17th section, I think the assessors are under no obligation to allow it any effect. The roll is then complete, and subject only to be changed upon a review thereof in pursuance of and in accordance with § 18 aforesaid, and § 6 of chapter 176 of the laws of 1851, as amended by the aforesaid chapter 536 of the laws of 1857. Those sections do not impose any duty upon the assessors to give to the list on the review any effect whatever.

It appears by the affidavits of the assessors in this case, that the list required to be furnished by the relators was not served upon any of the assessors until the 25th day of July last, and that prior to that day they had inserted in the assessment roll, their valuation of the property of the relators in that town, and had completed their roll. Assuming such to be the fact, if my views of the law, as above stated, are correct, the assessors were under no legal duty to regard the list, and the relators are not entitled to the writ of mandamus as asked for.

The assessors clearly could not receive an affidavit sworn to before a justice of the peace, as evidence on the subject of the value of the property to overcome the *prima facie* evidence afforded by the list, if it had been delivered in time.

That they assumed to give effect to the list when they were not bound to do so, does not strengthen the claim of the relators to the writ for error in allowing such an affidavit to overthrow the list.

Motion denied.